# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

LARICCA SEMINTA MATHEWS,

        Defendant-Appellee.

FOR PUBLICATION
May 22, 2018

No. 339079
Oakland Circuit Court
LC No. 2016-260482-FC

Before: O'CONNELL, P.J., and HOEKSTRA and K. F. KELLY, JJ.

O'CONNELL, P.J. (*concurring in part and dissenting in part*).

At 11:33 a.m., on August 12, 2016, defendant called the Wixom Police Department and informed the police that she had shot her boyfriend, Gabriel Dumas. The police were immediately dispatched to defendant's home. Defendant was arrested and transported to the Wixom Police Department.

At the police station, defendant was interviewed by Detective Brian Stowinsky and Sergeant Michael DeRosiers. Detective Stowinsky first told defendant that he was going to question her about happened. Before he began questioning defendant, he gave her the following warnings:

> [B]efore I question, start asking you, you should know that you have a right to remain silent.
>
> * * *
>
> Anything you say may be used against you. You have a right to a lawyer[.] [I]f you cannot afford a lawyer, one will be provided for free. Do you understand your rights?

Defendant answered, "[y]es." Importantly, in addition to the oral *Miranda*[1] rights, defendant signed a written advice of rights, which read:

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

-1-

> Before any questions are asked of you, you should know: (1) you have a right to remain silent; (2) anything you say may be used against you; (3) you have a right to a lawyer, and (4) if you cannot afford a lawyer, one will be provided free.
>
> I understand what my rights are and am willing to talk.

Defendant's interview lasted approximately 61 minutes.

> At the beginning of defendant's second interview later that day, Sergeant DeRosiers said to defendant:
>
> Detective Stowinsky, remember he talked about your rights and everything?
>
> * * *
>
> Same thing applies. . . . [Y]ou don't have to even talk to me if you don't want to. You can get an attorney . . . . [I]f you can't afford one, we'll make sure you get one.

Defendant indicated that she understood and answered Sergeant DeRosiers's questions.

It is clear from these warnings that defendant's right to a lawyer related to the forthcoming questioning by both Detective Stowinsky and Sergeant DeRosiers. The lower court record is devoid of any coercion, compulsion, or wrongful conduct by the police. Also, there is no indication that defendant did not or was not capable of understanding that she was entitled to have a free attorney before, during, or after questioning.

Moreover, the ordinary layperson understands that the right to an attorney *before* questioning extends to the duration of questioning. There is no meaningful difference between a right to a lawyer *before* questioning and *during* questioning. In addition, by the time Sergeant DeRosiers interviewed her, defendant had already been interviewed once. Sergeant DeRosiers's reminder about defendant's rights reinforced her right to an attorney even though she had already been questioned by Detective Stowinsky. For these reasons, I concur with those cases cited in the majority opinion holding that a generalized warning that the suspect has the right to counsel, without specifying when, satisfies the *Miranda* requirements.[2]

I conclude that defendant was adequately informed of her *Miranda* rights. I would reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

---

[2] Only lawyers are capable of dissecting words and phrases so finely as to confuse the meaning of the *Miranda* warnings. The ordinary layperson clearly understands the right to have an attorney before, during, and after questioning. When the police warn a suspect before the start of questioning that the suspect has the right to counsel, for what other purpose than questioning—the entire duration of questioning—would a suspect be entitled to a lawyer?

I concur with the balance of the majority opinion.

/s/ Peter D. O'Connell